Escobar-Del Cid v. Garland

BIA
Douchy, IJ
A208 562 781

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-two.

PRESENT:
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
WILLIAM J. NARDINI,
    *Circuit Judges.*

_____

EDVIN MAURICIO ESCOBAR-DEL CID,
    *Petitioner*,

v.                                              19-730
                                                NAC
MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
    *Respondent.*[1]

_____

FOR PETITIONER:          Anne Pilsbury, Esq., Heather Y.
                         Axford, Esq., Central American
                         Legal Assistance, Brooklyn, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General, Leslie McKay, Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Edvin Mauricio Escobar-Del Cid, a native and citizen of Guatemala, seeks review of a February 27, 2019 decision of the BIA affirming a December 11, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Edvin Mauricio Escobar-Del Cid,* No. A 208 562 781 (B.I.A. Feb. 27, 2019), *aff'g* No. A 208 562 781 (Immig. Ct. N.Y.C. Dec. 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See*

8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law de novo). An asylum applicant must show that he has suffered past persecution, or has a well-founded fear of future persecution, on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.13(b). Upon review of the record, we find no error in the agency's conclusion the Escobar-Del Cid failed to meet his burden of proof.

As an initial matter, he had no concrete evidence linking the threats against him to his political support for a mayoral candidate. The only evidence of a connection was that the incidents followed an election, which the candidate he supported lost, and a caller stated that Escobar-Del Cid had "messed with the big ones." CAR at 161. As the agency pointed out, the candidate did not suffer any similar threats. Based on this record, the agency did not err in finding insufficient connection between the threats and political activity as required for asylum and withholding of removal.

Even assuming a nexus to Escobar-Del Cid's political

3

activities, the agency did not err in finding that the past events did not rise to the level of persecution. A past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Escobar-Del Cid alleged that he received a death threat by telephone followed by three incidents in which he was followed by unknown individuals who knew where he lived and worked, brandished a gun, bumped his car, and yelled threats. Threats alone generally do not amount to persecution "unless fulfilled or highly imminent." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014) (internal quotation marks omitted). To prove that a threat was fulfilled or highly imminent, "an applicant must adduce objective evidence that the threat was so imminent or concrete . . . or so menacing as itself to cause actual suffering or harm." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (internal citations and quotation marks omitted). While some of the threats against Escobar-

4

Del Cid were physical, the lack of physical harm and absence of attempts to harm support the agency's conclusion that the threats did not alone constitute persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

Absent harm rising to the level of past persecution, Escobar-Del Cid had the burden to demonstrate a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear, an applicant must show that he "subjectively fears persecution" and that "his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear may be objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not objectively reasonable if it lacks "solid support in the record" and is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The agency did not err in finding that Escobar-Del Cid

failed to establish a well-founded fear of persecution. An applicant must show either a reasonable possibility that he would be "singled out individually for persecution" or a "pattern or practice" of persecuting "a group of persons similarly situated to the applicant on account of" a protected ground. 8 C.F.R. § 1208.13(b)(2)(iii). Escobar-Del Cid did not make either showing. He did not allege that anyone continued to seek him out, there had been no threats against his family, and the candidate he had supported had not suffered any harm. Given the dearth of evidence, his fear that he would be singled out for persecution if he returned to Guatemala is too speculative. *See Jian Xing Huang*, 421 F.3d at 129. Moreover, apart from a report of election-related murders in 2015, the country conditions evidence discusses widespread corruption in the Guatemalan government, not political attacks. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("[A] well-founded fear of persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground."). The failure to show an objectively reasonable fear is dispositive of asylum, withholding of

6

removal, and CAT protection.  *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

<pre>
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
</pre>